Spring 1811.
First District.

Segur
vs.
Syndics of
St. Maxent.

———•❊•———

### SEGUR vs. SYNDICS OF ST. MAXENT.

The plaintiff claimed a deduction from the
price of a plantation, part of which had been
taken by the Spanish government.

Gayoso's line, near New Orleans recognis ed.

It appeared in evidence that in October 1776.
Madam de Mauleon, had sold to Gilbert de St.
Maxent, a plantation of seven arpents and eight-
een toises,  front on the river, bounded on one
of the sides by a pallissadoe, which enclosed the
city of New-Orleans.

That in August 1789, St. Maxent sold the
premises to the plaintiff for $ 72,000.

That in 1794, the Spanish governor sur-
rounded the city with new fortifications, which
in some parts, took in ground which was not cov-
ered by the original fortifications, under the
French government, while in others, they left out
ground, which the old fortifications had occu-
pied.

That the plaintiff having laid his claim for
an indemnification, the Spanish governor, on the
4th of November 1797, had rejected it on the
ground, that " neither the plaintiff nor the per-

SPRING 1811.
First District.

SEGUR
*vs.*
SYNDICS OF
ST. MAXENT.

" sons from whom he held, could have acquired
" any right on the ground within the lines of
" the old fortifications, altho' thro' error, inat-
" tention, or indulgence they might have been
" suffered to possess it : that, with regard to the
" angles of fort St. Charles, which might ex-
" ceed the old fortifications, the plaintiff could
" not have a better title to an indemnity from
" government : because, in all concessions made
" under the French government, the king had al-
" ways reserved the right of taking out of the
" lands granted, the ground necessary, for ex-
" tending the fortifications of the city : a right
" to which the king of Spain had succeeded."

THAT St. Maxent having died in the mean-
while, the plaintiff, in the year 1798, brought a
suit against his estate, in order to obtain a de-
cree authorising the plaintiff, to retain out of the
part of the purchase money, which still remain-
ed due, a sum sufficient to indemnify him, for
the ground he had lost.

THAT in June, 1800, the Spanish tribunal, or-
dered a valuation of the land sold by St. Maxent,
beyond that sold him by Madam de Mauleon,
" which" says the decree, "did not belong to him,
" and for the possession of which he had no
" title." *No eran suyas, careciendo de titulo que
autorisase la detencion en que se hallaba.*

THAT after the valuation, the Spanish tribu-
nal granted to the plaintiff, in February, 1801,

aɴ indemnity of $ 25,557, the reported value at the time of sale, of 21 square arpents, covered by the old fortifications.

That before the final determination of the suit, the officers of the king of Spain discovered a declaration of Villars Dubreuil, made on the 17th of November, 1758, while the premises were selling, at public auction, whereby Dubreuil acknowledged that, " out of the seven " arpents and eighteen toises, which the planta- " tion was said to contain, there were two ar- " pents and twelve toises, which belonged to " the king, and that it was only, out of consi- " deration for Mons. Dubreuil, that the king " had consented that he should occupy them, and " erect buildings thereon, and that the same were " selling, and as such would be, in the hands of " the purchaser, liable to be resumed by the " king, at the will of his representative, who " would allow the removal of any building or " improvement."

The following extract of the proces verbal of the sale and adjudication, was read, " where- " as the greatest part of the buildings of the " plantation are erected on a piece of ground, " which belongs to the king, and which H. M. " has reserved for his use, and is not compre- " hended, in the said seven arpents and eighteen " toises, on the river, we have caused it to be " loudly proclaimed, that it should be lawful, for

Gg

SPRING 1811.
First District.

SEGUR
vs.
SYNDICS OF
ST. MAXENT.

" the king, to resume the said ground, belong-
" ing to H. M whenever he may see fit : the
" purchaser remaining at liberty to remove every
" building or improvement thereon."

THAT in consequence of this declaration,
Don Gayoso de Lemos, governor of the pro-
vince, in the month of November, 1798, re-
sumed this ground, causing a line to be drawn,
at the distance of two arpents and twelve toises,
in length, from the angle of the barracks and
parallel to the last squares of the city, whereby
the plaintiff lost a portion of his land, besides
that for which he was indemnified by the de-
cree of the 25th of February, 1801 ; wherefore he
brought his claim before the Spanish tribunal,
on the 3d of January, 1802, with a view to ob-
tain an indemnification for the land thus taken
from him, and which lies between Gayoso's line,
and that of the French fortifications, which is
the object of the present suit.

*Brown* for the defendant. The piece of
ground, mentioned in Dubreuil's declaration
and the proces-verbal, was only of the extent of
two arpents and twelve toises, in superficies ; not
of front on the river, according to Gayoso's
reckoning.

*Derbigny* for the plaintiff. In the settlement
of this country, lands were reckoned by the
extent of their front on the river, with the usual

depth of forty acres. Concessions were uniform-
ly granted in that manner.

SPRING 1811.
First District.

SEGUR
*vs.*
SYNDICS OF
ST. MAXENT.

THE declaration of Dubreuil, under whom,
the defendant's title accrues, " that out of the
" seven arpents and eighteen toises, which the
" plantation was said to contain, there were two
" arpents and twelve toises, which belonged to
" the king," is conclusive evidence.  For Du-
breuil makes no distinction, speaks of arpents
absolutely, when he describes the extent of the
plantation and that of the king's ground. *Verba
fortius accipiuntur contra proferentem.*

THE question, if any doubt was entertained,
must have been considered by Gayoso.  His
decision was not complained of : it cannot be
considered as an unauthorised stretch of autho-
rity.

*By the Court,* MARTIN, *J. alone.*  The land
was bought by St. Maxent, with the reservation
of the king's right, to a certain part of it.  Ac-
cording to the laws of the country, no suit was
necessary to ascertain the royal portion. It was laid
off according to the known rule and usage, and
the governor's construction is warranted by the
cotemporaneous exposition of the word arpents,
in grants and concessions of those days ; if su-
perficial arpents were meant, it would have been
necessary to have described the particular spot,
with more accuracy, than by saying, the ground
on which the buildings stood.  The decision

CASES IN THE SUPERIOR COURT,

SPRING 1811. does not appear incorrect, and it was made by the
First District
only legitimate authority at the time, tho' doubt-
URQUHARTS  less it was liable to the revision of the sovereign.
vs.
ROBINSON  The parties seem to have been satisfied therewith;
and the plaintiff, having lost part of the purchased
land, by a legal determination, is entitled to com-
pensation.

                    JUDGMENT FOR THE PLAINTIFF.