FALL, 1811.
First District.

TERRITORY
*vs.*
HATTICK.

———————

## TERRITORY vs. HATTICK.

HABEAS CORPUS. He was committed by the Mayor of the city of New-Orleans, who is a Justice of the peace *ex officio*, on a judgment condemning him to fine and imprisonment.

The parts of the constitution of U. S. requiring all trials to be by jury, relate only to offences against the U. S.

*Hennen*, for the defendant. He ought to be discharged: for the act authorising justices of the peace to fine and imprison, is unconstitutional. It violates the constitution of the United States, *art.* 3, *sec.* 2, which requires that the trial of all crimes should be by a jury and the 6th article of the amendments, which requires the intervention of a grand jury also.

IF the authority can be constitutionally exercised, the *mittimus* is insufficient. For it does not shew that the defendant was charged on oath, nor that he was duly served with process and had an

FALL, 1811.
First District.

TERRITORY
vs.
HATTICK.

opportunity of introducing his testimony, as the 8th amendment to the constitution of the United States requires.

THE Attorney-General, *Duncan.* The parts of the constitution of the United States, and its amendments, invoked, relate only to the trials of crimes against the United States.

THE *mittimus* is sufficient. It describes the offence and states that judgment was given.

LEWIS, *J.** The Attorney-General is certainly in the right. The part of the constitution of ·the United States quoted, relates only to the exercise of the judicial powers of the United States. Admitting, however, that the trial should have been by a jury, the objection will not prevail on an *habeas corpus,* for it does not appear on the face of the *mittimus* that it was otherwise. The same observation is also applicable to the second point made by the defendant. The objection might be listened to on a writ to quash the proceedings. The *mittimus* is complete, if it shews that there was a judgment by a magistrate or a court authorised to give it.

MARTIN, *J.* concurred.

PRISONER REMANDED.

***

* THIS decision took place out of Court.