Martin, J.
delivered the opinion of the court. The plaintiffs’ demand to be put in possession of a tract of land, by them leased to the defendants, the lease having expired. Neither the plaintiffs’ title, the lease or the expiration of it are denied, and the judge a quo has given judgment in their favor, excepting therefrom, “the public road of sixty-two feet in breadth along the left bank of the bayou or canal of La fourche, and a way of twelve feet on the right, which ought to remain open as a highway.”
Of this judgment they complain, contending 1, That the soil excepted is not a public road or highway. 2, That still, as it passes over their land, they are yet owners of the soil and owe to the public a servitude or right of way only.
The statement of facts shews that the canal is navigable in high water, much used for the purpose of transportation in boats from the Mississippi, the sea-shore, &c. to the county of *129 Attakapas; that for facilitating the navigation, a road or way for towing boats was ordered by the police jury, on the 24th of July 1811, of twelve feet in breadth on each side of the canal, and that about twenty-five or twenty-six years ago, a road for passing to and from lake Verret had been opened by the inhabitants of the parish, and in the year following was greatly improved by those of the Attakapas and Opelousas; since which it has been constantly used as a public road for travellers, and for driving cattle from these two counties to the Mississippi and New-Orleans.
By the act of 1809, ch. 13, it is provided, that the borders of said canal shall be considered as a public highway, and that the proprietors of the land on the borders of the canal shall be compelled to make said road and to keep it in repair, according to the provisions of the existing laws and regulations.
In 1813, ch. 13, the legislature made an appropriation and appointed commissioners to improve this road, and the defendant, Bourg, was authorised to keep a ferry, at the mouth of the canal, where he erected a house, which stands on the part of the land excepted by the judgment, viz. in the road, which the commis *130 sioners thus appointed had traced out, giving it a breadth of sixty-two feet.
On these facts, the plaintiffs’ counsel contends, 1, that the premises, excepted from the judgment are not a highway or public road, as the legislature could not take away the right of the plaintiffs to any part of their land, without compensation; 2, that admitting the premises to be a highway, the soil is still the property of the plaintiffs, and the public has only a servitude a right of way over it.
I. It is contended that the legislature could not establish this road, without first compensating the owner for the loss of the ground which it occupies.
On this point, we are referred to the seventh article of the amendments to the constitution of the United States, proposed by congress in 1789, the second article of the compacts, in the ordinance of congress in 1787, and the Civil Code, 102, art. 2.
1. The provisions of the constitution of the United States apply, with a few exceptions, to the federal government only. They do not bind state governments, except in cases in which they are referred to. The amendments cited were proposed by congress as a bill of rights guarding against encroachments from the fede *131 ral government, “a number of states having, “at the time of their adopting the constitution, “expressed a desire, in order to prevent misconstruction or abuses of its powers that further “declaratory and restrictive clauses should be “added;” the avowed inducement of the proposers of the amendments was that “extending the “grounds of confidence in it (the constitution) “would best secure the beneficial ends of its in “stitution.” Preamble to the Resolutions, 1 Graydon, xvi.
This amendment provides that “private property shall not be taken for public use, without “just compensation.” We must understand it to mean property taken by the United States, or under some power claimed under their constitution; for it was against the misconstruction of that instrument and the abuses of its powers that Congress intended to guard. See a decision on this subject, Territory vs. Hattick, 2 Martin 87. The court there decided that the second section of the third article of the constitution of the United States, which requires that the trial of all crimes, should be by jury, and the 6th article of the amendments, which demands the intervention of a jury also, related only to the exercise of the judicial powers of the United States. Congress appear to have entertained *132 the same idea, when they required that there should be, in the constitution of this state, a clause securing to the citizens the trial by jury in all criminal cases. For, if the corresponding clause in the constitution of the United States extended to cases under state government, the precaution would have been useless.
This court is of opinion that the amendment of the constitution of the United States alluded to, does not prevent a state from taking the land necessary for her roads, without making a compensation therefor.
2. The ordinance of 1787 declares that, in a territorial government “should public exigencies make it necessary to the common preservation to take any person’s property or to demand his particular services, full compensation shall be made therefor.” The words common preservation imply, that congress had then in view those extraordinary cases, in time of war or danger, when the property or services of an individual become accidentally necessary to the preservation of the country, and the phraseology differs from the constitution of the United States, so as to repel the idea that instant or previous satisfaction should be made in every case. They impose on territorial governments, as is apprehended, the obligation of making, and invest the *133 sufferer with the right of demanding, compensation. It is far from being clear that this article would prevent the legislature from requiring the services of a citizen as a juror without previous compensation, or demand that, in every case, a previous compensation should precede the laying out of a road. In many cases, this must be particularly inconvenient. Till the road be actually laid out, the persons entitled to compensation nor the proportion in which it is due cannot be ascertained.
If the amendment to the constitution of the United States and the article of the ordinance opposed to the act of the legislature, avail the plaintiffs, it must be on the ground that the latter is unconstitutional and null. Now, this court will never declare an act of the legislature unconstitutional, unless the unconstitutionality be clear and apparent. In doubtful cases they will support the act.
It is clear the act does riot violate the amendment, and it is very doubtful indeed, that it is in the least repugnant to the ordinance. We rather think it is not.
3. Lastly, the Civil Code, 102, art. 2, is presented to us as striking with nullity the act of 1789, which declares the premises to be a public road.
*134 “No one”, says the code, “can be compelled to part with his property, unless by reason of public utility, and in consideration of an equitable and previous compensation.”
This appears to this court as a rule of conduct to the officers of this state, not as derogating from or restraining the powers of subsequent legislatures. The general assembly of 1808, which enacted the civil code, was not a superior power to the general assembly of 1809; it was the same body: the code was passed during their first, the act during their second session. The act was posterior to the code. If, therefore, there be any thing contradictory in these instruments, the latter must so far abrogate the former.
Admitting that the clause in the first had the force of a constitutional injunction, it does not appear that it would have been violated. Twenty-five years ago, a road was opened by the inhabitants of the neighbourhood; the following year the people of the adjoining counties improve it; eighteen years after, in 1809, the legislature declare it shall be considered as a public road; in 1811, the police jury acts on it; in 1811, the legislature of the state make an appropriation for its improvements; its commissioners enlarge it. During all this time, the *135 owners of the land submitted to all this. Can we now say that they have been compelled to part with their property, without compensation, while they never expressed a belief that they were entitled to any?
They have no grant. One, from circumtances is presumed: but it must also be presumed to be such a one, as those which were generally given when their ownership began. The French and Spanish governments granted their land gratuitously, but a reservation was generally made for roads, often for fortifications, Sigur vs. St. Maxent’s Syndics, 1 Martin, 231. During these two governments, there is no instance of any payment for land taken for public roads.
II. On the second point, the plaintiffs have introduced a number of authorities from the English jurists. 3 Bac. Abr. 494. 2 Esp. N, P. Gould’s ed. 2. 6 East. 254, 2 Strange, 1004. 1 Burrows, 143. They have also cited American cases, 6 Mass. T. R. 454. Johnson. 357.
From these, it seems that in Great Britain, the owner of a tract of land, on which the highway passes, retains the property of the soil. But neither the common law, nor the statutes of *136 Great Britain can afford us much light in this respect.
Let us therefore examine the question, according to the Roman, the French and the Spanish law, which must regulate the effect of a grant of land in Louisiana before possession was taken of the country by the Americans.
Viam publicam eam dicimus, cujus etiam solum publicum est. Non enim sicuti in privatâ viâ, ita est in publicâ, accipimus. Viœ privatœ solum alienum est: jus tantum eundi et agendi nobis competit: viœ autem publicœ solum publicum est. ff. 43, 8, 2. § 21.
Literally translated, we call a public road that of which even the soil is public. We do not take it to be in a public road as in a private one, the soil of which belongs to another, while we have only the right of walking or driving over it: the soil of a public road is public.
The contradistinction between a public and a private way, as to the ownership of the soil, is here apparent. Here the idea of the right of the public being only incorporeal, a mere right of way, is repelled, as well as the corresponding one of the soil being private property: which is said to be the case in private ways. And the distinction between these and public roads is made to consist in this, that in the latter the *137 right of passing over the surface and the ownership of the soil reside in the public.
In France, it is believed, a highway cannot be the subject of a sale or the possession of an individual. It is hors de commerce.
We cannot sell, says Pothier, things which from their nature are out of commerce, as a church, a church-yard, a public square. Traité de Vente, n. 10. Among corporeal things, there are some which are not susceptible of possession, as those which are divini aut publici juris, as a public square. Traité de possession, n. 37. Of the nature of a public square is a street or a highway, which is a street of the country. The highway and street are as much publici juris as the square.
Royal roads are those leading from a city to another. Public roads are those leading from a village to another. Although public roads be not called royal, yet they belong to the king. Quoique les chemins publics ne soient pes appelés royaux, ils appartiennement cependant au roi. Denisart, verbo chemin.
The ordinance of Louis XIV, in 1669, is relied on to shew that the soil of a highway, chemin royal, belongs to the owner of the soil over which it passes: this ordinance providing that *138 owners of estates on navigable rivers are to leave a royal road, on each bank, at least twenty-four feet wide, without any tree, fence or hedge nearer than thirty feet, on the side of which boats are drawn, and ten feet on the other, under the penalty of a fine and the confiscation of the trees. Hence, it is considered that the sovereign could not consider the soil of the road as public property, as in such a case, it would have been absurd to denounce the confiscation of trees, which growing in the soil of the public were already public property. The clear part of the road was to be twenty-four feet on one side and ten on the other: between this space and that on which trees could be planted, without incurring confiscation, was on one side of the stream, a strip of ground six feet, on the other, a strip fourteen feet wide: and it is to trees, fences and hedges on these strips, that the confiscation spoken of extends.
We conclude that the part of the Roman law, which declares the soil of a highway to be public property appears to us to be in force in France, and was so in Louisiana, when the country passed under the dominion of Spain.
The laws of that monarchy do not appear to have wrought any change in this respect.
*139 Los rios e los puertos e los caminos publicos pertenecen a todos los hombres communalmente, Partida 3, 28, 6. The rivers, ports and public roads belong to all men in common. After this declaration the legislator speaks of the banks of rivers. These, we are informed, are the property of the owners of riparian estates. Las riberas de los rios son, quanto al senorio, de aquellos, cuyos son las heredades a que son ayuntudas. He speaks of the use which all men may make of these banks. All men may use the banks of rivers. Todo hombre puede usar de ellas, &c. The property of the public on the road is here assimilated to that which it has on the river, not to that on the banks.
In the case of Metzinger vs. the Mayor &c. of New-Orleans, this court held that “roads and streets cannot be appropriated to private use.” 3 Martin, 303. Civil Code, 94, art. 6.
The judgment of the district court, which excepts from the lands decreed to the plaintiffs so much of the premises as was declared to be a public road and highway, is in conformity to law, and it is therefore ordered, adjudged and decreed, that it be affirmed at the costs of the plaintiffs and appellants.